```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DREW ROSE                                :
                                         :
                    Petitioner,          :     08cv6027(HB)
        -against-                        :
                                         :     ORDER
FRANK RIVERA                             :
                                         :
                    Respondent.          :
------------------------------------------------------------x

**Hon. HAROLD BAER, Jr., District Judge:**

On November 5, 2007, pro se Petitioner Drew Rose ("Rose" or "Petitioner") filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (the "Initial Petition"). On July 1, 2008, Judge Kimba M. Wood issued, *sua sponte*, an Order granting Rose leave to amend the petition within sixty days because the Court was "unable to discern from [that] petition exactly what grounds he seeks to pursue" (the "July 1 Order"). One month later, on August 1, 2008, Rose filed an amended petition (the "Amended Petition"). Rose subsequently moved for the appointment of counsel. On June 29, 2009, Respondent Frank Rivera ("Rivera" or "Respondent") filed a motion to dismiss the Amended Petition on the ground that Rose's second petition was untimely and did not "relate back" to the Initial Petition. For the reasons that follow, Rivera's motion to dismiss is DENIED and Rose's application for appointed counsel is DENIED WITHOUT PREJUDICE.

## DISCUSSION

Respondent is correct that the Amended Petition was filed after the expiration of the statute of limitations period set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), which requires that a habeas corpus petition be filed within one year of the date on which a petitioner's state court conviction becomes final. 28 U.S.C. 2244(d)(1). Here, Rose's state court conviction became final for purposes of the AEDPA on March 15, 2007, ninety days after the New York Court of Appeals denied his application for leave to file an appeal to that court. Respondent argues (1) that the Amended Petition does not "relate back" to the Initial Petition because it does not arise from a "common core of operative facts," *Mayle v. Felix*, 545 U.S. 644, 657-64 (2005); and (2) Petitioner has failed to demonstrate any grounds for equitable

tolling of the statute of limitations period. Because I conclude that equitable tolling of the period between the date Rose filed his Initial Petition and the date of the Court's *sua sponte* July 1 Order is warranted, there is no need to address Respondent's first argument and I expressly decline to do so.

Equitable tolling of the statute of limitations for a habeas petition may be granted where a petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S., 418 (2005); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Furthermore, there must be "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001). A relatively exceptional measure, "equitable relief such as tolling may be awarded in the court's discretion only upon consideration of all the facts and circumstances." *Baldayaque v. United States*, 338 F.3d 145, 150 (2d Cir. 2003) (internal quotation and citation omitted).

The unique circumstances of this case demonstrate both that Rose pursued his rights diligently and that extraordinary circumstances prevented him from timely filing the Amended Petition. First, Rose exhibited due diligence by complying with each deadline that he knew about. Rose filed his Initial Petition on November 5, 2007—well within the one year limitations period set by the AEDPA. Thereafter, as a further indicator of his attempts to diligently pursue his rights, Rose filed the Amended Petition one month after the Court's July 1 Order and well within the sixty days the Court provided for him to do so. In *Diaz v. Kelly*, 515 F.3d 149, 152 (2d Cir. 2008), the Second Circuit held that a Section 2254 petitioner was entitled to equitable tolling of AEDPA's statute of limitations where the period lapsed as he waited to receive notice of the exhaustion of his state claims. There, the Circuit noted that "'[f]rom a litigant's perspective, it is a difficult, if not impossible endeavor, to estimate how long a reviewing court will take to decide a particular motion.'" *Id.* (quoting *Miller v. Collins,* 305 F.3d 491, 495-96 (6th Cir.2002). Although here Rose awaited not a state court decision that would entitle him to seek federal habeas relief but word from the District Court on the merits of his Initial Petition, from an equitable tolling perspective the consideration is the same: Rose could not fairly be charged with predicting that the Court would find his

2

Initial Petition deficient and require that he submit a new filing. Just as the Circuit opined in *Diaz* that it "[saw] no point in obliging a *pro se* litigant to pester a state court with frequent inquiries as to whether a pending motion has been decided," *id.*, so too is it unfair to hold that Rose's failure to file an amended petition of his own accord demonstrates a lack of diligence. Therefore, Rose's efforts indicate that he endeavored to diligently pursue his rights.

Second, the fact that the Initial Petition was *sub judice* at the time that the one-year limitations period expired constitutes "extraordinary circumstances" that prevented Rose from timely filing the Amended Petition. Rose was forced to wait beyond the limitations period for word from the Court as to whether his Initial Petition was meritorious; during the critical period between November 2007 and July 2008, Petitioner had no reason to believe that the Court would find his Initial Petition insufficient and require him to amend it. An apt analogy is where a litigant timely asserts his rights in the wrong forum and, if he otherwise exhibits due diligence, may be entitled to tolling of the limitations period. *See Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 655 (2d Cir. 1998). Here, Rose timely filed his Initial Petition in the correct forum but only later learned that the Court deemed it insufficient. In short, equitable tolling "permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity," *Warren v. Garvin,* 219 F.3d 111, 113 (2d Cir.), *cert denied,* 531 U.S. 968 (2000), and I conclude that under the unusual chronology of this case and in light of the indicia of Rose's diligence equity requires that the period between November 5, 2007 and July 1, 2008 be tolled. Consequently, Rose's Amended Petition is timely, and Respondent's motion to dismiss must be DENIED.

Rose has separately moved for the appointment of counsel. "[T]here is no constitutional right to representation by counsel in habeas corpus proceedings." *U.S. v. Yousef,* 395 F.3d 76, 77 (2d Cir. 2005) (internal quotation marks omitted). Rather, 18 U.S.C. § 3006(a)(2) only requires appointment of counsel for a financially eligible person if "the interests of justice so require." *Id.* The threshold consideration in such a determination is the showing of some merit. *Quail v. Farrell*, 550 F.Supp.2d 470, 480 (S.D.N.Y. 2008) (citing *Cooper v. A. Sargenti Co.,* 877 F.2d 170, 172-74 (2d Cir.1989)). Here, I have reviewed Rose's Amended Petition which attaches and relies

3

upon his brief to the Appellate Division of the New York Supreme Court to reassert the same claims of ineffective assistance of counsel previously rejected by that court. Although Rose is indubitably entitled to a full and fair consideration of those claims in this forum, I conclude that he has not met the threshold showing of merit to be entitled to appointed counsel. This is not to say that Rose will never make the required showing and as a consequence, Rose's application for counsel is DENIED WITHOUT PREJUDICE.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the Amended Petition is DENIED and Petitioner's application for the appointment of counsel is DENIED WITHOUT PREJUDICE. Respondent shall have thirty (30) days to respond to the Amended Petition on the merits and thereafter Rose shall have thirty (30) days to file a reply brief. The Clerk of the Court is instructed to close these motions (Docket Nos. 5 and 9) and remove them from my docket.

**SO ORDERED**
New York, New York
September 29, 2009

_____
U.S.D.J.