UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DREW ROSE,                                            :
                                                      :
                Petitioner,                   :
                                                      :
    -against-                                       :    08 Civ. 6027 (HB)
                                                      :
FRANK RIVERA,                                         :    OPINION & ORDER
                                                      :
                Respondent.                   :
------------------------------------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-2-11

**Hon. HAROLD BAER, JR., District Judge:**[*]

**I. Background**

In 2005, Petitioner Drew Rose ("Petitioner" or "Rose") was convicted of Assault in the First Degree in New York County, New York and sentenced to five years in prison to be followed by five years of post-release supervision. Rose exhausted his state court remedies and, appearing *pro se*, brought this Petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 on July 1, 2008. In the Petition, Rose challenged his February 7, 2005 conviction based on alleged misconduct on the part of the prosecutor during summation, as well as ineffective assistance of counsel. Rose sought to vacate his conviction and requested a new trial.

On March 25, 2011, Magistrate Judge Frank Maas issued a Report and Recommendation ("R&R") in which he recommended that the Petition be denied. The R&R allowed until April 14, 2011 for any objections. *See* Fed. R. Civ. P. 72(b)(2). By that time, the Petitioner had been released and the R&R was sent to Petitioner's address as listed on the docket. The statutory time to object lapsed with no objections. Petitioner subsequently contacted this Court regarding the status of his Petition. He was informed of the option to request an extension of the period of time to object. No such request has been made, no objections have been filed, and the time to object has long-since passed. I consider the R&R submitted without objection.

---

[*] Queenie Paniagua, a rising third year law student at St. John's University School of Law and a summer 2011 intern in my Chambers, provided substantial assistance in researching and drafting this opinion.

1

## II. Discussion

When a Petitioner makes no objections to an R&R, "the Court may adopt the report if there is no clear error on the face of the record." *Atwood v. Williams*, No. 10-CV-2557, (RJS)(HBP) 2011 WL 1991452, *1 (S.D.N.Y. May 19, 2011). Here, no objections have been made and I find no clear error in the findings and conclusions of Magistrate Judge Maas' well-reasoned R&R.

Although Magistrate Judge Maas properly concluded that both of Petitioner's claims were procedurally barred, he nonetheless proceeded to address the merits of each claim. In doing so, Judge Maas first found that the prosecutor had neither "overstepped the boundaries of propriety" nor made comments during summation that were "so prejudicial as to deprive Rose of a fundamentally fair trial." Second, Magistrate Judge Maas concluded that defense counsel's failure to ask a particular question could not "even remotely be considered an error so serious as to have deprived Rose of the effective assistance of counsel." Petitioner has been given ample opportunity to raise his grievances, yet points to nothing that merits habeas relief.

## III. Conclusion

I find no clear error in the recommendation of Magistrate Judge Maas and adopt his report in its entirety. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Clerk of the Court is directed to close this matter and remove it from my docket.

**IT IS SO ORDERED.**
**New York, New York**
**September 2, 2011**

_____
**HAROLD BAER, JR.**
**United States District Judge**

2